UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS NORMAN, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|   v. | )   No. 4:06CV490(HEA) |
| | ) |
| UNITED STATES ATTORNEY, | ) |
| | ) |
|        Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner's application for a writ of habeas corpus [Doc. #2], which this Court has construed as seeking habeas relief pursuant to 28 U.S.C. § 2241.[1]

**The petition**

Petitioner asserts that he "is detained in St. Clair County Jail, Belleville, Illinois, illegally." Specifically, petitioner alleges that his continued detention in the St. Clair County Jail became illegal on March 3, 2006, when certain counts of a superceding indictment - filed in the United States District Court for the Southern District of Illinois - where dismissed. Petitioner claims that "[t]he Southern District of Illinois has

---

[1] Although the petition was not accompanied by either the required $5 filing fee or an application to proceed in forma pauperis, the Clerk of Court was required to accept and file this action and to promptly present it to the Court. *See* Fed. R. Civ. P. 5(e); Rule 3(b) and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

no authority to keep petitioner detained." Petitioner further claims that "[i]f there are charges pending against him in the Eastern District of Missouri," then his continued detention in the St. Clair County Jail is illegal because no detainer authorizing his continued detention has been served on him or on the St. Clair County Jail. Additionally, plaintiff requests that "if the[re] are charges pending in the Eastern District I ask the court to bring me to court for arraignment" so that his right to a speedy trial is not violated.

## Discussion

Giving this pro se prisoner action a liberal construction, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), petitioner challenges the authority of St. Clair County Jail to continue to detain him because there appears to be no criminal charges pending against him in the Southern District of Illinois and because no detainer advising him that criminal charges have been filed against him by another jurisdiction (state or federal) has been served on him or the St. Clair County Jail. Consequently, because there appears to be no authority for the St. Clair County Jail to continue to detain him, petitioner contends that his current confinement in St. Clair County Jail is illegal.

Additionally, petitioner requests that if there are criminal charges currently pending against him in the Eastern District of Missouri - even though no detainer to that effect has been served

2

on him or the St. Clair County Jail - that he be brought to this Court for an arraignment on those charges.

To the extent that petitioner seeks immediate release from confinement on the basis that his detention in the St. Clair County Jail is unauthorized and illegal, petitioner's application for a writ of habeas corpus should be denied. Under the law of this Circuit, habeas corpus jurisdiction under § 2241 requires that the district court have jurisdiction over petitioner's custodian. See e.g. Braden v. Thirtieth Judicial Circuit Court, 410 U.S. 484, 495 (1973); Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974). Petitioner's custodians are the Sheriff for St. Clair County, Illinois, the official responsible for operating the St. Clair County Jail and, possibly, the United States Marshall for the Southern District of Illinois, upon whose apparent authority the St. Clair County Sheriff is holding petitioner. In any event, these custodians are not within the territorial jurisdiction of this Court. Therefore, the instant action should be dismissed.

To the extent that petitioner seeks a speedier resolution of any criminal charges pending against him in this Court, petitioner should file an appropriate request for relief in that particular criminal action. A review of this Court's records indicates that an indictment has been unsealed charging petitioner with assaulting a law enforcement officer, being a armed career criminal, and discharging a firearm during a crime

of violence.  *See, United States v. Norman*, 4:05CR745HEA-TCM (E.D. Mo.).  Any action seeking a speedier resolution of those particular charges should be set forth in an appropriate action bearing both the caption of that particular criminal case and that particular case number.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #2] is **DENIED** without prejudice.

Dated this <u>22nd</u> day of <u>March</u>, 2006.

*/s/ Henry Edward Autrey*
**UNITED STATES DISTRICT JUDGE**